IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

BLAZINE MONACO

        Plaintiff,

v.                                  CIVIL ACTION NO.   2:20-cv-00517

WV PARKWAYS AUTHORITY,

        Defendant.

MEMORANDUM OPINION AND ORDER

Pending before the court are (1) Defendant's Motion to Set Aside the Clerk's Entry of Default [ECF No. 11] and (2) Defendant's Motion for Leave to File Motion to Dismiss [ECF No. 14]. Based on the law and the facts alleged by Defendant in its motion, I do not think it necessary to wait for Plaintiff to respond before ruling on these motions. For the reasons set forth below, Defendant's Motion to set aside Clerk's Entry of Default [ECF No.11] is **GRANTED** and Defendant's Motion for Leave to File Motion to Dismiss [ECF No. 14] is **DENIED as moot**.

I.    Background

Plaintiff Blazine Monaco filed a Complaint [ECF No. 1] against Defendant West Virginia Parkways Authority on July 30, 2020. According to Plaintiff, Defendant was served with process on August 7, 2020, and Proof of Service was filed with the Clerk on August 26, 2020 [ECF No. 7]. Defendant failed to file an Answer to Plaintiff's complaint with 21 days of Service. On September 2, 2020, the Clerk, at the direction of the court, entered a default against Defendant. [ECF Nos. 8, 9]. Defendant filed its Motion to set aside the entry of default on September 10, 2020.

[ECF No. 11]. Defendant then, on September 15, 2020, filed its Motion for Leave to File Motion to Dismiss. [ECF No. 14].

## II. Standard for Setting Aside Default

Rule 12(a)(1)(A) of the Federal Rules of Civil Procedure requires that a defendant serve an answer "within 21 days after being served with the summons and complaint." *Fed. R. Civ. P.* 12(a)(1)(A). Rule 55(a) of the Federal Rules orders the Clerk to enter a default against a party who has failed to "plead or otherwise defend." *Fed. R. Civ. P.* 55(a). Prior to the entering of a default judgment, Rule 55(c) permits to court to "set aside an entry of default for good cause." *Fed R. Civ. P.* 55(c).

Motions under Rule 55(c) are mostly within the discretion of the trial judge. *Consol Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967). *Payne ex rel. Estate of Calzada v. Brake* provides a list of things to consider when deciding whether good cause exists. 439 F.3d 198, 204–05 (4th Cir. 2006). I am to consider (1) if the moving party has a meritorious defense, (2) whether the moving party acts with reasonable promptness, (3) the personal responsibility of the defaulting party, (4) the prejudice to the party, (5) whether there is a history of dilatory action, and (6) the availability of less drastic sanctions. *Id.* The Fourth Circuit requires that Rule 55(c) motions be "liberally construed in order to provide relief from the onerous consequences of defaults and default judgments." *Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 954 (4th Cir. 1987) (quoting *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969)). "Any doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits." *VIA Design Architects, PC v. U.S. Dev. Co., LLC*, 2:13-CV-555, 2014 WL 12527479 (Apr. 25, 2014 E.D. Va.) (citing *Tolson*, 411 F.2d at 130).

### III. Discussion of Defendant's Motion to Set Aside Default

Defendant argues that it has meritorious defenses to the complaint, that it responded to the default with reasonable promptness, that it is not personally responsible for the default, that it is prejudiced by the default, and that it has no history of dilatory action. [ECF No. 12, at 1-2].

If given the opportunity, Defendant intends to argue the meritorious defenses that Plaintiff's suit is barred by the Eleventh Amendment to the United States Constitution and Article VI of the West Virginia Constitution. [ECF No. 12, at 5]. Defendant denies responsibility for the default, alleging that it never had notice of the suit because process was not properly served. [ECF No. 12, at 3]. Defendant also notes that it has been prompt in its response to the default. [ECF No. 12, at 6].

In addition, nothing in the record indicates any previous history of dilatory action by Defendant. And while no party has suggested alternative sanctions, less drastic sanctions are available. *See, e.g., Lolatchy*, 816 F.2d at 953 (4th Cir. 1987) (holding that when a party defaults, an award of fees and costs is an appropriate lesser sanction).

Upon consideration, the factors mostly weigh in favor of setting aside default and surely create "doubts about whether relief should be granted." I am inclined to see this case resolved on its merits. For these reasons, and others before the court, Defendant's Motion to set aside default is **GRANTED.**

### IV. Defendant's Motion for Leave to File Motion to Dismiss

Defendant's Motion for Leave to File Motion to Dismiss [ECF No. 14] seeks permission to file a motion to dismiss before the clerk's entry of default has been set aside. The issues raised by this motion are resolved by the setting aside of the default being granted above. The entry of default has been set aside, so Defendant has

twenty-one days to file a responsive pleading. Because this issue is resolved, Defendant's Motion [ECF No. 14] is **DENIED as moot** and Defendant may file its Motion to Dismiss any time within the next twenty-one days.

V.  Conclusion

For these reasons, and others before the court, Defendant's Motion to Set Aside Clerk's Entry of Default [ECF No. 11] is **GRANTED**. The court **ORDERS** that the entry of default [ECF No. 9] against Defendant be **SET ASIDE**. The court further **ORDERS** that Defendant be permitted to file a responsive pleading within **twenty-one (21)** days of this Order, or within **twenty-one (21)** days of service, should it be determined by either of the parties or the court that service has not yet been accomplished. The court also **ORDERS** that Defendant's Motion for Leave to File Motion to Dismiss [ECF No. 14] be **DENIED as moot**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: September 17, 2020

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE